IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

EMMIT J. MCHENRY, )
)
               Petitioner, )   CIV. NO.: 1:10-cv-00021
v. )
)
COMMISSIONER OF INTERNAL REVENUE, )
)
               Respondent. )
_____)

**MEMORANDUM OPINION and OMNIBUS ORDER**

Finch, Senior Judge

THIS MATTER is before the Court on the motion of petitioner Emmit J. McHenry ("McHenry" or "petitioner") to alter this Court's memorandum opinion dated April 5, 2011.[1] McHenry has also filed motions to interplead the IRS and for reconsideration of the April 5th opinion. In his motion to interplead, McHenry argues that the IRS should be joined in this action because the IRS and the Government of the Virgin Islands are both seeking monies paid by McHenry to fulfill his income tax liability. In his motion for reconsideration, McHenry argues that the Court erred in deciding that the notice of deficiency was from the Virgin Islands Bureau of Internal Revenue ("VIBIR"), and in finding that the doctrine of sovereign immunity barred the

---

[1] In a footnote in the April 5th opinion, the Court referred to an error in the pleading of McHenry's original complaint. Specifically, the Court stated that

> The Court notes that in paragraph one of the complaint, Patrick A. McGrogan is identified as the petitioner. However, the caption and the facts cited within the complaint and the pleadings indicate that this is a typographical error. Thus, the Court will read paragraph one as identifying McHenry as petitioner for purposes of ruling on this motion.

Mem. Op. at 1, n.1.

However, prior to April 5, 2011, McHenry had filed an amended complaint in which the error was corrected. Thus, the footnote in the memorandum opinion is inaccurate. The Court may, pursuant to Rule 60 (a) of the Federal Rules of Civil Procedure, "correct . . . a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Accordingly, the Court will vacate its memorandum opinion of April 5, 2011 to remove footnote one.

Court from hearing the claim against the IRS. Essentially, McHenry attempts to reinstate the IRS as a party through an interpleader and by attacking the Court's legal conclusions with respect to the immunity bar. The Commissioner of Internal Revenue ("IRS") opposes the motion to interplead and for reconsideration.

I.   **Background**[2]

Petitioner McHenry received a tax deficiency notice from the IRS in December of 2009, alleging that he had failed to pay taxes owed to the United States in the tax years 2001, 2002 and 2003.[3] In response, McHenry filed a petition for a redetermination of his taxes in this Court, contending that he properly paid his tax debt to the VIBIR. McHenry asserted that he was a bona fide resident of the Virgin Islands whose income was derived from Virgin Islands' sources, and that he was thus not subject to federal income tax.[4] McHenry also asserted the statute of limitations as an affirmative defense. The IRS filed a motion to dismiss, contending that, pursuant to the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a), only the United States Tax Court had jurisdiction to hear petitioner's claims. The Court agreed with the IRS and dismissed the case. Petitioner subsequently filed his motions for reconsideration and for interpleader. The Court considers each motion in turn.

---

[2] The Court briefly recites facts that were set forth in more detail in its April 5, 2011 opinion.
[3] Petitioner indicates in his First Amended Complaint that he paid his 2003 income tax liability to the IRS on April 14, 2010, and thus, does not dispute that liability for purposes of his petition.
[4] In this suit, McHenry also brought a refund claim against the VIBIR for overpayment of taxes in 2001, 2002 and 2003.

II.   Analysis

    A. Motion for Reconsideration

        1. Standard of Review

A party may seek reconsideration of an order pursuant to Rule 7.3 of the Local Rules of Civil Procedure. The motion must be based on one of the following grounds: (1) intervening change in controlling law; (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. As this Court has held, the rule permitting reconsideration is "not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). "[R]econsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for an appeal." *Id*. at 733. In McHenry's motion, he asserts the need to correct clear error.

        2. Analysis

McHenry first takes issue with this Court's finding that the Notice of Deficiency was from the IRS and not the VIBIR. However, McHenry has failed to identify clear error in the Court's analysis and merely reargues the position he previously asserted. The Court remains unconvinced that simply because a taxpayer's liability to the United States may arise after he or she fails to satisfy the tax burden owed to the Virgin Islands under IRC § 932(c)(4), that the IRS is stepping into the shoes of the VIBIR. An assertion that the taxpayer has failed to fulfill a requirement to avoid U.S. tax liability, such as the failure to discharge his tax liability to the territory of the Virgin Islands, does not mean that the United States seeks taxes owed to the

Virgin Islands. Instead, it merely permits the IRS to seek monies owed to the United States. As the Court explained in its April 5th opinion,

> [A] Virgin Islands resident who fails to fully pay his tax liability to the USVI (which includes income sourced from the USVI and the United States) may be liable to the United States for unreported income whose source is the United States. However, the resident would also remain liable to the USVI for any taxes owed on the USVI sourced income.

(Mem. Op. at 13, n.7.)

The Court must once again reject the petitioner's arguments.

McHenry also argues that the Court erred when it held that the judicially-crafted exception to the sovereign immunity bar set forth in the Tax Anti-Injunction Act ("TAIA"), 26 U.S.C. § 7421, did not apply in this case. In the leading case on the exception to the injunctive bar of the TAIA, the Supreme Court has stated,

> The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue

*Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962).

However, the Supreme Court further held that "if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and . . . the attempted collection may be enjoined if equity jurisdiction otherwise exists." *Id*. A taxpayer must meet the following two independent requirements before meriting relief under *Williams Packing*: (1) viewing the facts and law in the light most favorable to the government, "it must appear that the government cannot prevail on the merits" and (2) "there must also be an independent basis for the court to exercise its equitable jurisdiction." *Flynn v. U.S. by and*

*through Eggers*, 786 F.2d 586, 589 (3d Cir. 1986) (citing *Williams Packing*, 370 U.S. at 7). To establish the second prong, "the taxpayer must show that he or she will suffer 'irreparable injury' without injunctive relief." *Zarra v. United States*, No. 06-4374, 2007 WL 3391337, at *2 (3d Cir. Nov. 15, 2007) (quoting *Williams Packing*, 370 U.S. at 7). As the Supreme Court noted the "inadequacy of available remedies goes . . . to the existence of irreparable injury, an essential prerequisite for traditional equity jurisdiction . . . ." *United States v. American Friends Service Committee*, 419 U.S. 7, 11 ( 1974) (citations omitted). *See also Sokolow v. United States*, 169 F.3d 663, 665 (9th Cir. 1999) (to avoid the injunctive bar of the TAIA "the taxpayer must show that he has no adequate remedy at law and that denial of injunctive relief would cause him immediate, irreparable injury"). Accordingly, a taxpayer may avoid the bar on injunctive relief where the TAIA provides no alternative remedy. *Beale v. I.R.S.*, 2007 WL 4287590, at *1 (3d Cir. 2007) (citing *South Carolina v. Regan*, 465 U.S. 367, 378 (1984)).[5] Courts have held that a refund suit is an adequate alternative remedy. *Alexander v. "Americans United" Inc*., 416 U.S. 752, 762 (1974); *Sokolow*, 169 F.3d at 665; *Beale*, 2007 WL 4287590, at *1. Indeed, the availability of an adequate alternative remedy generally precludes a finding of irreparable harm sufficient to warrant injunctive relief. *See, e.g*., *Donovan v. Maisel*, 559 F. Supp. 171, 174 (D. Del.1982) (taxpayers failed to show irreparable harm where each plaintiff had an adequate remedy by filing a refund suit); *D & M Painting Corp. v. U.S*. WL 904691, at *4 (W.D. Pa. 2009); *Young v. I.R.S*., 1986 WL 15377, at *1 (M.D. Pa. Oct. 30, 1986) ("[p]laintiff . . . must establish the inadequacy of the available legal remedy to prevent irreparable harm" to preclude application of the TAIA and noting that "[e]conomic harm, by itself, is usually not sufficient to establish irreparable harm.").

---

[5] In *Regan*, the Supreme Court found that "the Act's purpose and the circumstances of its enactment indicate that Congress did not intend the Act to apply to actions brought by aggrieved parties for whom it has not provided an alternative remedy." *Id*. at 378.

Petitioner reiterates his prior argument that because the statute of limitations bars the United States from collecting taxes from him, he has conclusively established that the government cannot prevail. Petitioner disagrees with the Court's opinion that an exception to the statute of the limitations as provided by 26 U.S.C. § 6501(c) may apply, and proceeds to argue the merits of his statute of limitations defense.  The IRS takes the position that petitioner's failure to comply with the requirements of 26 U.S.C. § 932(c)(4), obligated him to file a U.S. tax return, thereby invoking the exception under § 6501(c).

The Court disagrees with petitioner that the Third Circuit case *Danbury v. Olive* unquestionably resolves this issue in petitioner's favor.  In that case, the Court of Appeals held that the taxpayer, Danbury, a foreign corporation with residence in the Virgin Islands, had satisfied its income-tax filing obligations under Section 28(a) of the Revised Organic Act, 48 U.S.C. § 1642, by filing with the Virgin Islands.  *Danbury v. Olive*, 820 F.2d 618, 626 (3d Cir. 1987). The Third Circuit also concluded that by so filing, the exception under § 6501(c) did not permit the United States to avoid the statute of limitations and assess Danbury's taxes. *Id*. However, as the respondent points out, the law applicable at the time of Danbury's filing was amended by the Tax Reform Act of 1986 ("TRA").  Prior to 1987, Danbury was able to discharge his filing obligations by filing a return with the BIR listing income from all sources pursuant to § 1642.[6]  However, with the passage of the TRA, the single-filing inhabitant rule of §

---

[6] Section 28(a) provided in relevant part that

> The proceeds of . . .  the United States income tax, the proceeds of any taxes levied by the Congress on the inhabitants of the Virgin Islands . . .  shall be covered into the treasury be available for expenditure as the Legislature of the Virgin Islands may provide: Provided, That the term "inhabitants of the Virgin Islands" as used in this section shall include all persons whose permanent residence is in the Virgin Islands, and *such persons shall satisfy their income tax obligations under the applicable taxing statutes of the United States by paying their tax on income derived from all sources both within and outside the Virgin Islands into the treasury of the Virgin Islands....*

28(a) was repealed. *Id.* at 625 (citing IRC § 7651(b)).[7] In contrast to the law under § 28(a), under the current tax regime, an individual residing in the Virgin Islands only discharges his liability to the United States when that individual (1) is a bona fide resident of the Virgin Islands, (2) reports income from all sources and identifies the source of each item, and (3) fully pays his tax liability to the Virgin islands with respect to such income. IRC 932(c)(4). *See also* S. Rept. 100-445, at 315 (1988) (noting that the 1988 amendment to the TRA "makes it clear that such an individual is to file "an" income tax return with the Virgin Islands, rather than filing "his" return with the Virgin Islands, to make it clear that individuals who do not comply with all requirements for U.S. tax exemption will have to file a U.S. return."). Thus, it is arguable that a taxpayer who fails to comply with § 932(c)(4), is required to file with the United States and that a failure to do so can subject that individual to penalties for failure to file. While this Court reserves ruling on the statute of limitations question, it cannot be said that the government cannot prevail in its argument that the assessment is not time-barred. Thus, the Court must conclude that "viewing the facts and law in the light most favorable to the government," petitioner has not shown "that under no circumstances could the Government ultimately prevail." *Flynn*, 786 F.2d at 589; *Williams Packing*, 370 U.S. at 7.

Moreover, as the Court held in its opinion of April 5th, the petitioner has not established that a suit before the Tax Court[8] or a refund suit is an inadequate alternative remedy.[9] As

---

*Danbury*, 820 F.2d at 621 (citing § 28(A) of the 1954 Revised Organic Act of the Virgin Islands) (emphasis added.)

[7] Section 7651(b) provides that "section 28(a) of the Revised Organic Act of the Virgin Islands shall be effective as if such section 28(a) had been enacted before the enactment of this title and such section 28(a) shall have no effect on the amount of income tax liability required to be paid by any person to the United States."

[8] Petitioner asserts that the Tax Court is inadequate because its power to subpoena individuals in the Virgin Islands is questionable and because the Tax Court cannot hold a trial in the USVI. The Court, assuming arguendo that petitioner is correct, declines to address these issues because of the availability of the refund suit as an adequate alternative remedy.

discussed above, the availability of a refund suit generally precludes a showing of irreparable harm. Petitioner has made no showing of such harm. Thus, regardless of whether petitioner's argument regarding the statute of limitations has any validity, he cannot meet the second prong of the *Williams Packing* test, namely, that a basis for equity jurisdiction exists, in that he will suffer irreparable harm absent an injunction issued by this Court.[10] *See Sokolow*, 169 F.3d at 665 (plaintiff failed to establish the second prong of the test, "because he does have an adequate remedy at law: to pay the tax and then challenge the validity of the tax liability in a refund suit"). Thus, the Court did not commit error in dismissing the claims against the IRS. *Alexander*, 416 U.S. at 758 ("[u]nless both conditions [set forth in *Williams Packing*] are met, a suit for preventive injunctive relief must be dismissed.").

### B. Motion for Interpleader

Notwithstanding the Court's dismissal of the IRS as a defendant in this suit, petitioner seeks to interplead the same pursuant to Rule 22 of the Federal Rules of Civil Procedure. Rule

---

[9] Petitioner relies on the Fourth Circuit case *Estate of Mansy Y. Michael v Lullo*, 173 F.3d 503 (4th Cir. 1999) for the proposition that a refund suit is not an adequate legal remedy. As the Fourth Circuit recognized, *Lullo* was decided "on the narrow facts" before the court. *Id*. at 503. In *Lullo*, the plaintiff sought a writ compelling the IRS to allow a federal death tax credit that the IRS had previously agreed was accurate and allowable. *Id*. The plaintiff had paid taxes assessed by the IRS but the Estate's case was reopened by the IRS after the statute of limitations had expired because the IRS had allegedly miscalculated the taxes due. *Id*. The Court of Appeals noted that the IRS itself conceded that its attempted reassessment of taxes was barred by the statute of limitations. *Id*. at 507. The IRS attempted to defend its claim by arguing that it was merely recalculating the taxes rather than initiating an assessment, an argument rejected by the court. *Id*. at 508. The Court of appeals found that the IRS's claim for further payment was "baseless and certain to fail on the merits." *Id*. The court also noted that if the plaintiff paid the alleged deficiency, such a deficiency would be an overpayment and thus subject to a mandatory refund, further demonstrating that the IRS could not prevail. *Id*. at 509. In analyzing whether the plaintiff would be irreparably harmed, the Fourth Circuit held that "[u]nder ordinary circumstances, the availability of a refund suit *does negate* any claim of irreparable injury." *Id*. at 510 (emphasis added.) The Court of Appeals went on to note that the case before it was not ordinary and that "the actions of the IRS" were "transparently baseless, in that it is pursuing this matter after the statute of limitations clearly has barred collection or assessment of further taxes." Id. at 511. Thus, the court concluded, "[a] refund suit under such circumstances is an inadequate remedy." *Id*. The "narrow facts" before the Fourth Circuit in *Lullo* are not before this Court. The Court finds that this in petitioner's case, the IRS' actions are not baseless and that the availability of a refund suit precludes a finding of irreparable injury. While the Court is aware that the VIBIR is challenging petitioner's ability to bring a refund suit, it cannot be said at this point that petitioner is without a remedy.

[10] Petitioner suggests that he may face double taxation if he cannot bring this suit against both the IRS and BIR, the Court is unaware of any decision regarding petitioner's liability.

22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22. "The plaintiff in an interpleader action is a stakeholder that admits it is liable to one of the claimants, but fears the prospect of multiple liability. Interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings." *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). The result is that "[t]he competing claimants are left to litigate between themselves," while the stakeholder is discharged from any further liability with respect to the subject of the dispute. *Id*. However, "rule interpleader is no more than a procedural device; the plaintiff must plead and prove an independent basis for subject matter jurisdiction." *Id.* 501 F.3d 271, 275 (3d Cir. 2007). As the Court held in its April 5th opinion, the Court lacks jurisdiction to redetermine petitioner's tax liabilities to the United States. However, in an interpleader action, the Court would be required to adjudicate petitioner's federal tax liability. *See, e.g., Prudential Ins. Co. of America v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) (court must determine the respective rights of the claimants to the interpleaded funds). C.*F., Huff v. C.I.R.*, 2010 WL 5392648, at *4 (T.C. Dec. 22, 2010) (disallowing interpleader of the BIR in redetermination suit against IRS where the Tax Court lacked authority jurisdiction to "(1) discharge petitioner from liabilities determined by the Government of the Virgin Islands; (2) direct the Virgin Islands to refund to petitioner the amount of taxes petitioner paid to the BIR; or (3) order the Virgin Islands to pay any moneys to the United States."). The Court concludes that it lacks jurisdiction to interplead the IRS in this matter.

McHenry also argues that the Court should apply the doctrine of judicial estoppel and allow the United States to be interpleaded because the United States sought to intervene and was permitted to do so under similar circumstances in the case *V.I. Derivatives, LLC v Director,*

*VIBIR*, Civ. No. 2006-04, 2011 WL 703835 (D.V.I. Feb. 18, 2011).   In *V.I. Derivatives*, petitioner had brought suit for a redetermination of taxes upon receipt of a notice of deficiency from the VIBIR.  The United States, which was litigating the petitioner's tax liability in a separate case, sought to intervene to litigate the issue of whether petitioner was a bona fide resident of the Virgin Islands. Both the VIBIR and the IRS proceeded on the theory that the petitioners had failed to pay taxes due by participating in a fraudulent tax evasion scheme.  However, while the VIBIR took the position that petitioners were bona fide residents of the Virgin Islands, the United States contended that they were not.  The United States argued that it should be permitted to intervene on the grounds that it would be damaged by its inability to participate in the lawsuit, and that the claims arose from the same facts and circumstances.  (Doc. 29, Mem. in support of Mot. to Intervene.)   The Court granted the United States' motion, finding that it had satisfied the standard for intervention of right and for permissive intervention under Fed. R. Civ. P. 24(a) and 24(b)(1)(B).

Petitioner argues that the doctrine of judicial estoppel prohibits the IRS from arguing that it is "not a proper party" or that "it does not have an interest in the litigation with the BIR" or that petitioner "should have to pay taxes to two jurisdictions."  (Supp. Br. At 5.)   The government contends that its position in this case is not inconsistent with *VI Derivatives* because it has not argued that this Court lacks the ability to determine the question of residency, the question it sought to litigate when it moved to intervene in *VI Derivatives*.   Instead, it argues that the Court lacks jurisdiction to determine petitioner's federal tax liability.[11]

---

[11] Petitioner raised the issue of judicial estoppel in his reply brief to the IRS' opposition to his motion to interplead.  The Court asked the parties to brief the issue of judicial estoppel as applied to this matter.

The doctrine of judicial estoppel "bars a party from taking contradictory positions during the course of litigation." *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 253 (3d Cir. 2010) (quoting *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 261 (3d Cir.2009)).  *See also Singer Management Consultants, Inc. v. Milgram*, --- F.3d ---, 2011 WL 2342733, at *14 (3d Cir. 2011) (quoting *Krystal Cadillac–Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319 (3d Cir.2003) ("[T]he basic principle of judicial estoppel ... is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.").  Three factors inform a federal court's decision whether to apply the doctrine: "there must be (1) irreconcilably inconsistent positions; (2) adopted in bad faith; and (3) a showing that estoppel addresses the harm and no lesser sanction is sufficient."  *G-I Holdings, Inc.*, 586 F.3d at 262 (citing *Chao v. Roy's Constr., Inc.*, 517 F.3d 180, 186 n. 5 (3d Cir. 2008)).  "[S]ome aggravating factor, and not mere inconsistency, is necessary for the application of judicial estoppels." *Chao*, 517 F.3d at 186.  "Not only must the court find that a party adopted inconsistent positions, but it should also consider whether the party succeeded in convincing a tribunal to accept its position and whether the party would derive an unfair advantage in the absence of estoppel."  *Id*.  "[J]udicial estoppel is an extreme remedy, to be used only when the inconsistent positions are tantamount to a knowing misrepresentation to or even fraud on the court."  *Id*. (internal quotations and citations omitted).

The Court finds that the position adopted by the United States in *VI Derivatives* is not "irreconcilably inconsistent" with its position in this case.  It is not inconsistent to argue in the instant matter that the Court lacks jurisdiction to determine whether petitioner has a tax liability to the federal government, while maintaining in a prior suit that it was proper for the United

States to be a party in a tax suit where the only issue before the Court, with respect to the United States, was the issue of bona fide Virgin Islands' residency.  Moreover, here, where the Court lacks subject matter jurisdiction over the United States for a redetermination of taxes, the Court declines to "allow judicial estoppel to substitute for subject-matter jurisdiction."  *Hansen v. Harper Excavating, Inc*.,  641 F.3d 1216, 1228 (10th Cir. 2011) (holding that a party may not establish subject-matter jurisdiction through judicial estoppel); see also *Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*,  232 F.3d 79, 82 (2d Cir. 2000)( "'principles of estoppel do not apply' to questions of subject matter jurisdiction" (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).[12]  Accordingly, the Court finds that the doctrine of judicial estoppel is not a basis for allowing petitioner to interplead the United States.

Notwithstanding this finding, the Court recognizes the burden on taxpayers such as McHenry, who, after filing an income tax return with the Virgin Islands, are then subject, years later, to a notice of deficiency from the IRS.  While VIBIR and the IRS selectively intervene[13] to battle over issues that will ultimately affect which agency is entitled to the taxes of the taxpayer or how the tax laws will be interpreted, the taxpayer lacks the ability to litigate all issues affecting his tax liability in one court.  The insurmountable barrier of a lack of subject matter jurisdiction, unfortunately, prevents this Court from addressing this inequity by allowing petitioner to interplead the United States in this case.

---

[12] The Court also notes that in allowing the United States to intervene in *VI Derivatives*, the Court did not rely on any argument that it had subject matter jurisdiction to determine the taxpayer's liability to the United States.

[13] In petitioner's supplemental brief in support of his motion to interplead, he cites the VIBIR's motion to intervene in his pending Tax Court case on the issue of the statute of limitations applicable to taxpayers filing in the Virgin Islands, as well as the VIBIR's objection to the petitioner's attempt to interplead it in the Tax Court.  (Supp. Br. Exs. F, J.)

### III.     Conclusion

The Court finds that McHenry has failed to identify clear error in its opinion of April 5th dismissing the IRS for lack of jurisdiction.  Thus, the Court will deny McHenry's motion for reconsideration.  The Court's lack of jurisdiction is also fatal to McHenry's attempt to interplead the IRS.  Accordingly, the motion to interplead will also be denied.  For the reasons, stated above, the Court will vacate its memorandum opinion of April 5, 2011 to remove footnote one.

It is hereby ORDERED that McHenry's motion to alter the judgment is GRANTED;[14] it is further ORDERED that McHenry's motion for reconsideration is DENIED; it is further ORDERED that McHenry's motion to interplead the IRS is DENIED.

ENTER:

Dated:  July 15, 2011

_____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE

---

[14] The Court will re-enter an opinion dated nunc pro tunc to April 5, 2011.