IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **EMMIT J. MCHENRY**, ) | |
| ) | |
| Petitioner, ) | **CIV. NO.: 1:10-cv-00021** |
| v. ) | |
| ) | |
| **COMMISSIONER OF INTERNAL REVENUE,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**AMENDED MEMORANDUM OPINION**

Finch, Senior Judge

THIS MATTER is before the Court on the motion of the United States ("respondent"), to dismiss the complaint for lack of subject matter jurisdiction. Petitioner Emmit McHenry ("petitioner") opposes the motion, maintaining that this Court is the exclusive forum in which to bring this suit.

I.  **Background**

Petitioner is a United States citizen who currently maintains a mailing address in Great Falls, Virginia. On December 30, 2009, petitioner received a tax deficiency notice from the Office of the Internal Revenue Service ("IRS") at Richmond, Virginia. In the deficiency notice, the IRS asserted that in the tax years 2001, 2002, and 2003 petitioner improperly claimed to be a resident of the United States Virgin Islands ("USVI") and improperly recast income from sources within the United States as income from sources within the USVI in order to avoid federal tax liability.[1] The IRS stated that all transactions entered into between petitioner, or any entity owned by him, (including Netcom Solutions International, Inc.,) and the March Group,

---

[1] Petitioner has paid his 2003 tax liability to the United States and does not contest it in his first amended petition.

LLLP and Thurman Holdings, Inc., would be disregarded for federal tax purposes. The IRS seeks to recover the taxes fraudulently withheld by petitioner and to impose civil fraud penalties. In response to the IRS' deficiency notice, petitioner filed this petition for a redetermination of his tax liability.[2]

Petitioner denies the charges alleged in the deficiency, claiming that he established residency in the Virgin Islands during the relevant time period and that the transactions entered into by Netcom and the March Group were necessary and proper and had economic substance. He also asserts affirmative defenses, including the three-year statute of limitations for the assessment of taxes set forth in 26 U.S.C. § 6501. Petitioner asks the Court to declare that there are no adjustments to his income tax liability for tax years 2000 and 2002, nor any basis for asserting penalties. Alternatively, the petitioner seeks a determination that the notice of deficiency is invalid. Respondent argues that this Court lacks jurisdiction to hear this matter because the United States is immune from suit in district court to redetermine a notice of deficiency pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Tax Injunction Act, 26 U.S.C. § 7421(a). Respondent also contends that dismissal is proper because petitioner has failed to allege a jurisdictional basis for this suit.

## II.     Standard of Review

An assertion of sovereign immunity constitutes a challenge to the Court's subject matter jurisdiction. *Cudjoe ex rel. Cudjoe v. Department of Veterans Affairs*, 426 F.3d 241, 246 (3d Cir. 2005). Such a challenge is properly considered pursuant to Rule 12(b)(1) of the Federal

---

[2] Petitioner avers that he was concurrently filing a petition for redetermination of deficiency of income tax liability with the United States Tax Court for tax years 2000-2003.

Rules of Civil Procedure.  "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)

"Challenges to subject matter jurisdiction under Rule 12(b)(1) may be "facial" or "factual." *Turicentro, S.A. v. American Airlines Inc*., 303 F.3d 293, 300 n.4 (3d Cir. 2002).  When considering a facial attack, that is, one that contests the sufficiency of the pleadings, the court accepts the complaint's allegations as true. *Id*. (citing *NE Hub Partners, L.P. v. CNG Transmission Corp*., 239 F.3d 333, 341 n. 7 (3d Cir. 2001)).  In contrast, when considering a factual attack, the court "accords plaintiff's allegations no presumption of truth" but instead "weigh[s] the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." *Id*.  Whether an attack is facial or factual is determined by examining the specific challenge raised by the government. *Cestonaro v. United States,* 211 F.3d 749, 752 (3d Cir. 2000). In this case, the Court finds that the respondent's attack is facial as it adheres not to facts alleged but to the sufficiency of the pleading on its face.

   **III.   Analysis**

   **A.  The doctrine of sovereign immunity applied to a tax redetermination suit**

"A waiver of sovereign immunity must be express and unambiguous in order to confer federal courts with subject matter jurisdiction."  *Cudjoe*, 426 F.3d at 246.  Thus, in the absence of clear congressional consent, there is no jurisdiction to entertain suits against the United States. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S 584, 587-588 (1941)).  Moreover, "the Government's consent to be sued must be construed strictly in favor of the sovereign . . . and not enlarged beyond what the language requires." *United States v. Nordic Village Inc*., 503 U.S. 30, 34 (1992) (internal quotations and citations

omitted). *See also Cudjoe*, 426 F.3d at 246 (citing *Orff v. United States*, 545 U.S. 596 (2005) ("With respect to its scope, any waiver of sovereign immunity must be strictly construed in favor of the sovereign").

Relying on two federal statutes, the Declaratory Judgment Act, 28 USC § 2201(a) ("DJA"), and The Tax Anti-Injunction Act, 26 U.S.C. § 7421(a) ("TAIA"), respondent argues that petitioner is barred from bringing his tax suit in this Court. Section 2201(a) of the DJA provides in pertinent part that

> In a case of actual controversy within its jurisdiction, **except with respect to Federal taxes** other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . . **any court of the United States**, upon the filing of an appropriate pleading, **may declare the rights and other legal relations of any interested party seeking such declaration**, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201 (emphasis added.)

In other words, the DJA provides a statutory basis for seeking a declaratory judgment in a United States court that does not, with a narrow exception, involve federal taxes.[3]

Section 7421(a) of the TAIA provides that

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of **restraining the assessment or collection of any tax** shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a) (emphasis added.)

Respondent argues that petitioner, by asserting affirmative defenses to the notice of deficiency and asking the Court to prevent the proposed assessment from having effect, seeks to

---

[3] Section 7428 of the Internal Revenue Code provides for declaratory judgments relating to the status and classification of organizations for purposes of determining whether a corporation is exempt from taxation as provided under 26 U.S.C. § 501.

restrain the assessment of collection of taxes, relief that is barred under § 7421(a) of the TAIA. A taxpayer wishing to challenge a proposed tax assessment must do so in the United States Tax Court, which has exclusive jurisdiction over such claims pursuant to 26 U.S.C. § 6213.

Petitioner attempts to surmount the jurisdictional barriers erected by the DJA and TAIA by arguing that because the tax laws of the Virgin Islands are implicated in the IRS' notice of deficiency, this Court has jurisdiction over his claims pursuant to 48 U.S.C. § 1612. It is petitioner's contention that § 1612, which provides this Court with "exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands," operates as a waiver of sovereign immunity and provides this Court with exclusive jurisdiction, as to any other federal court, including the Tax Court, over his claims. Alternatively, petitioner relies on judicially crafted exceptions to the DJA and TAIA.

### 1. The mirror system of taxation in the Virgin Islands

In order to provide context for petitioner's arguments, the Court will first briefly describe the tax system of the Virgin Islands as it pertains to petitioner's claims and then address the jurisdictional argument stated above.

Virgin Islands income tax law generally tracks U.S. federal income tax law pursuant to 48 U.S.C. § 1397. *Chase Manhattan Bank, N.A. v. Government of Virgin Islands, Bureau of Internal Revenue*, 300 F.3d 320, 322 (3d Cir. 2002). Section 1397 provides that

> The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands.

48 U.S.C. § 1397.

The effect of § 1397 is to create a "mirror system," whereby the income tax law of the Virgin Islands duplicates the language of the Internal Revenue Service Code ("IRC"),[4] substituting the words "Virgin Islands" for the words "United States" where necessary. *Johnson v. Quinn*, 821 F.2d 212, 214 (3d Cir. 1987) (citing Rev. Rul. 73-315, 1973-2 C.B. 226). The provisions of the IRC are applicable to the Virgin Islands unless they are "manifestly inapplicable or incompatible with a separate territorial income tax." *Abramson Enterprises, Inc. v. Government of Virgin Islands of U.S.*, 994 F.2d 140, 142 (3d Cir. 1993) (citations omitted). The effect of the mirror statute is to "establish[] the Virgin Islands as a separate tax jurisdiction with authority parallel to that of the U.S. Treasury Department." *WIT Equipment Company, Inc. v. Director, Virgin Islands Bureau of Internal Revenue*, 185 F. Supp. 2d 500, 502 (D.V.I. 2001). However, as this Court has previously noted "[t]he mirror system not only creates two separate taxation authorities, but also implicitly recognizes Virgin Islands residents' liability to both. The federal tax liability is discharged only to the extent that the resident properly reports all income and pays his or her Virgin Islands tax obligation." *Id.* (citing 26 U.S.C. § 932(c)(4) (excluding from federal gross income all income reported on the taxpayer's Virgin Islands return).

In this case, the notice of deficiency issued by the IRS alleges that petitioner has not discharged his liability to the United States. Specifically, it is alleged that petitioner falsely claimed to be a bona fide Virgin Islands resident pursuant to IRC § 932(c)(4), and improperly recast income from sources within the United States as from sources within the USVI or income effectively connected to a trade or business within the USVI, pursuant to IRC § 934(b), in order to claim a tax credit under the USVI Economic Development Program.

---

[4] All sectional references to I.R.C. are to the Internal Revenue Code (Title 26 U.S.C.).

IRC § 932 sets forth the tax liability of both United States and Virgin Islands residents who incur tax liability in the Virgin Islands. The statute requires non-residents who have "income derived from sources within the Virgin Islands, or effectively connected with the conduct of a trade or business within [the USVI] for the taxable year" to pay a portion of their income tax to the Virgin Islands. 26 U.S.C. § 932(a)(1). Such persons must file an income tax return in both the United States and the Virgin Islands. On the other hand, "a bona fide resident of the Virgin Islands" who "reports income from all sources and identifies the source of each item shown on such return" and "who fully pays his tax liability referred to in section 934(a) to the Virgin Islands with respect to such income" fully discharges any tax liability owed to the United States. 26 U.S.C. § 932(c)(4).

IRC § 934 places restrictions on the ability of the Virgin Islands to reduce tax liability incurred pursuant to the IRS Code.[5] Section 934 provides in relevant part:

> Tax liability incurred to the Virgin Islands . . . *shall not be reduced or remitted* in any way, directly or indirectly, whether by grant, subsidy, or other similar payment, by any law enacted in the Virgin Islands, *except to the extent provided in subsection (b)*.

---

[5] As the Third Circuit has noted, the enactment of IRC § 934 reflected Congress' concern that income tax rebates provided for in the Virgin Islands could effectively provide a rebate on United States as well as local Virgin Islands taxes. *HMW Industries, Inc. v. Wheatley*, 504 F.2d 146, 151 (3d Cir. 1974) (citing S.Rep.No.1767, 86th Cong., 2d Sess. (1960), included in 1960-2 Cum.Bull. 829; H.R.Rep.No.1131, No.1131, 86th Cong., 1st Sess. (1959) included in 1960-2 Cum.Bull. 811). As the Court of Appeals noted:

> In 1960, Congress amended Title 26 to include Section 934. It is apparent that Congress was concerned with the attempt by the Virgin Islands legislature to reduce the income tax liability of certain taxpayers 'with respect to the tax attributable both to income from sources within the Virgin Islands and from sources within the United States.' Both the Senate and House Reports indicate that Congress felt that Act No. 224 [a Virgin Islands localy-enacted law] had achieved 'substantially the same effect' as a 'rebate' of income taxes but that the Act failed to limit the 'rebate' or reduction in tax to just Virgin Islands income.

> However, recognizing that a sufficiently restricted tax rebate could legitimately enhance the economic development of the Virgin Islands, Congress permitted a number of exceptions to the general rule of non-reduction in tax liability.
> *Id*.

IRC § 934 (a) (emphasis added.)

An exception to this general rule is outlined in subsection (b), which permits reduction with respect to "income derived from sources within the Virgin Islands or income effectively connected with the conduct of a trade or business within the Virgin Islands." IRC § 934(b)(1). However, to qualify for such reductions the individual must be a bona fide resident of the Virgin Islands. *United States v. Auffenberg*, Crim. No. 2007-047, 2008 WL 4115997, at *2 (D.V.I. Aug. 26, 2008) (citing IRC §§ 932(c) & 934(b)(1)). Section 934(b)(4) stated, prior to its amendment in 2004, that "[t]he determination as to whether income is derived from sources within the Virgin Islands or the United States or is effectively connected with the conduct of a trade or business within the Virgin Islands or the United States shall be made under regulations prescribed by the Secretary."[6]

### 2. **Whether 48 U.S.C. § 1612 provides a jurisdictional basis for this suit**

Although petitioner recognizes that a taxpayer, whether or not a resident of the Virgin Islands, may incur tax liability to the United States under IRC §§ 932 and 934, he contends that resolution of these claims turns upon an interpretation of income tax law applicable to the Virgin Islands, and thus, only this Court may hear such a claim pursuant to 48 U.S.C. § 1612. Section 1612 provides a jurisdictional grant for this Court to hear tax claims as follows:

> The District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands, regardless of the degree of the offense or of the amount involved, except the ancillary laws relating to the income tax enacted by the legislature of the Virgin Islands.

48 U.S.C. § 1612 (a).

---

[6] Currently, subsection b(4) omits any mention of the "Virgin Islands."

In reading the statute, petitioner relies on the words "exclusive" to support his argument that this Court, and no other, is authorized to hear any case involving application of the income tax laws of the Virgin Islands.  However, the Court has recently rejected such an interpretation of § 1612. *See Birdman v. Office of the Governor*, 2010 WL 3810871, at *7 (D.V.I. Sept. 27, 2010). In *Birdman*, the Court addressed the identical argument offered here with respect to the scope of § 1612 and held that it merely "establishes this Court's exclusive jurisdiction over income tax laws applicable to the territory, as among the courts of record in the Virgin Islands." *Id*.  The Court reached that conclusion by reading "exclusive jurisdiction" in conjunction with the phrase "over all criminal and civil proceedings in the Virgin Islands."  The Court found that "[s]uch language suggests that a proceeding must be initiated or pending in the Virgin Islands to be the subject of this Court's exclusive jurisdiction." *Id*.

Petitioner presents no evidence that contradicts the Court's reading of the statute. Petitioner attempts to bolster his argument that Congress intended to exclude any other federal court from hearing a case involving the application of Virgin Islands income tax law by citing to the Congressional Record:

> This provision [1612] is based on the consideration that since the income tax laws applicable to the Virgin Islands are the provisions of the Internal Revenue Code uniformity of interpretation requires that questions involving the interpretation of those laws be litigated only in the *Federal* courts. This provision appears to be necessary in view of the characterization of the income tax laws of the Virgin Islands as a local territorial tax which is reviewable in the district court only by local legislation. Dudley v. Commissioner of Internal Revenue, 258 F.3d 182 (3rd Cir. 1958).[7]

---

[7] In *Dudley*, a petitioner served with a notice of deficiency by the VIBIR sought to proceed in the Tax Court.  The Tax Court determined that it lacked jurisdiction to hear the case and the Third Circuit affirmed, stating that "the tax here in dispute is actually not a tax of the United States but a territorial income tax and for this additional reason the Tax Court had no jurisdiction in the premises."  *Dudley*, 258 F.3d at 184. When Congress enacted legislation in 1984 permitting the legislators of the Virgin Islands to divest the district court of certain matters involving local law, it was apparently concerned, as reflected in the record cited above, that the ruling in *Dudley* would be interpreted as permitting local legislation divesting this Court of jurisdiction over income tax claims involving Virgin Islands law. *See* 48 U.S.C. § 1612 (b) (providing that "the District Court of the Virgin Islands shall have general original

130 Cong. Rec. 23782, 23789 (daily ed. Aug. 10, 1984) (emphasis added.)

The legislative history pertaining to this statute fails to support petitioner's argument. Instead, it merely reinforces the Court's view that Congress' main objective in inserting the phrase "exclusive" in § 1612 (a) was to preclude local territorial courts from hearing tax claims. As the record reflects, Congress characterized the income tax laws of the Virgin Islands as "provisions of the Internal Revenue Code" and wanted to ensure that the federal code was interpreted by federal courts, rather than local territorial courts, in order to achieve a "uniformity of interpretation."

Based on the foregoing considerations, the Court is not persuaded that § 1612 provides this Court with exclusive jurisdiction. Moreover, the Court agrees with respondent that this suit constitutes a suit to "restrain the assessment or collection" of taxes and as such, is barred by the Anti-Injunction Tax Statute, absent any allowances provided for under that statute. Having failed to establish that § 1612 provides for exclusive jurisdiction over his claims with respect to other federal courts, petitioner has fallen far short of convincing the Court that § 1612 constitutes a waiver of the federal government's sovereign immunity. As the Third Circuit has held, a waiver of immunity "must be express and unambiguous in order to confer federal courts with subject matter jurisdiction." *Cudjoe*, 426 F.3d at 246. There is no language in § 1612 that indicates Congress' intent to expressly waive the immunity of the United States for a redetermination of a tax deficiency asserted by the United States.

---

jurisdiction in all causes in the Virgin Islands the jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands"). That said, this Court finds that Dudley has no bearing on petitioner's claim, as in this case, it is not the VIBIR which seeks to recover unpaid tax, but the IRS.

### B. Validity of the IRS Notice of Deficiency

The petitioner also attempts to circumvent the immunity bar to his claim by arguing that the deficiency notice from the IRS constitutes a de facto notice from the VIBIR. That argument is unpersuasive. It is undisputed that this Court has jurisdiction to hear a petition for redetermination of Virgin Islands income tax liability. *See Dudley v. Commissioner of Internal Revenue*, 258 F.3d 182, 188 (3rd Cir. 1958); 33 V.I.C. § 943(a). However, in this case, the petitioner received a notice of deficiency from the Internal Revenue Service, seeking to recover unpaid federal taxes, *i.e.*, taxes owed to the United States. As stated above, pursuant to the TAIA, this Court is barred from hearing such a claim. 26 U.S.C. 7421(a). The proper court in which to bring such a claim is the United States Tax Court. 26 U.S.C. § 6213(a), Alternatively, petitioner can pay the deficiency and then bring a refund action in federal district court. *WIT Equipment Company*, 185 F. Supp. 2d at 503; 26 U.S.C. § 7422.

Petitioner contends that notwithstanding the fact that the notice was issued by the IRS, that respondent's assertion of "residual tax liability pursuant to I.R.C. § 932(c)(4)" in its alternative positions (one, two and three) demonstrates that respondent is asserting that his payment to the VIBIR is deficient. Thus, petitioner concludes, the IRS has stepped into the shoes of the VIBIR and this Court is thereby granted jurisdiction to hear the case.

While it may be the case that petitioner's lapse under subsection (c)(4) will result in liability to the Virgin Islands, that does not preclude his liability to the United States. Section 932(c)(4) provides as follows:

> (4) Residents of the Virgin Islands.--In the case of an individual--
> (A) who is a bona fide resident of the Virgin Islands during the entire taxable year,

(B) who, on his return of income tax to the Virgin Islands, reports income from all sources and identifies the source of each item shown on such return, and

(C) who fully pays his tax liability referred to in section 934(a) to the Virgin Islands with respect to such income,

for purposes of calculating income tax liability to the United States, gross income shall not include any amount included in gross income on such return, and allocable deductions and credits shall not be taken into account.

As the Court reads § 932 (c) (4), a resident's failure to fully pay his or her tax liability to the Virgin Islands, as per § 932(c)(4)(C), means that he has not fully discharged his obligation to the United States. That is, in order for a Virgin Islands resident to avoid tax liability to the United States, that resident must fulfill all the requirements of subsection (4), including the requirement to fully pay any tax liability to the Virgin Islands; a failure to do so leaves the resident subject to taxation by the United States. *See Huff V. Comm'r Internal Revenue*, 2010 WL 3239185, at *4 (Tax Ct. Aug. 17, 2010)[8] (citing S. Rept. 100-445, at 315 (1988)[9];

---

[8] The Tax Court recognized that an individual failing to meet the requirements of § 932(c)(4) "may be required to file an income tax return and be liable for taxes to both the United States and the Virgin Islands." *Id*. at 5. Petitioner raises this as a concern and contends that he could be subject to double assessment and double litigation before this Court, via a deficiency notice issued by the VIBIR, and in the Tax Court, via a deficiency notice issued by respondent. As the Court reads the statute, a Virgin Islands resident who fails to fully pay his tax liability to the USVI (which includes income sourced from the USVI and the United States) may be liable to the United States for unreported income whose source is the United States. However, the resident would also remain liable to the USVI for any taxes owed on the USVI sourced income. In any case, this issue is not before the Court because petitioner, as far as the Court knows, is not faced with a notice of deficiency from the VIBIR that is to be litigated in this Court.

[9] The Senate Report cited in *Huff* was made in reference to P.L. 100-647, Technical and Miscellaneous Revenue Act of 1988, which modified in part § 932. The Report explained the modification as follows:

> The bill adds to the bona fide resident requirement and the reporting **requirement a third requirement for exclusion of items reported on a V.I. return**. That further requirement is that the individual seeking the exclusion fully pay his or her tax liability (referred to in sec. 934(a)) to the Virgin Islands with respect to income from all sources. In addition, the bill provides that in the case of an individual whose gross income excludes amounts included on a V.I. return, allocable deductions and credits are not to be taken into account. The bill also makes it clear that such an individual is to file "an" income tax return with the Virgin Islands, rather than filing "his" return with the Virgin Islands, **to make it clear that individuals who do not comply with all requirements for U.S. tax exemption will have to file a U.S. return**.

S. Rept. 100-445, at 314 (emphasis added.)

*McGrogan v. Comm'r of Internal Revenue*, No. 456-10 (July 13, 2010) ("I.R.C. sec. 932 (c) affects how an individual subject to United States taxation determines his gross income for Federal income tax purposes").

Based on the plain language of § 932(c)(4), along with evidence of legislative intent, the Court concludes that respondent has filed a valid notice of deficiency against the petitioner.[10] The Court finds no evidence here that the respondent has stepped into the shoes of VIBIR. Instead, respondent seeks to recover United States taxes, and thus, this Court is precluded from hearing the matter.[11]

### C. Judicially Crafted Exceptions to the DJA and TAIA

Petitioner claims that judicially crafted exceptions to the DJA and TAIA permit this Court to exercise jurisdiction over this matter. Such an exception exists, petitioner argues when "(1) it is clear that under no circumstances could the United States ultimately prevail, and (2) the

---

[10] On the related issue of whether the IRS is entitled to investigate taxpayers who claimed to be bona fide residents of the Virgin Islands and filed their tax returns there, at least two appellate courts have determined that the IRS was entitled to do so. *See Mollison v. United States*, 481 F.3d 119 (2d Cir. 2007); *Elmes v. United States ex rel I.R.S.*, No. 07-11029, 2008 WL 276039 (11th Cir. 2008). In *Mollison*, the Second Circuit held that "if petitioners are bona fide Virgin Islands residents, they may incur U.S. tax liability. As a result, the IRS may legitimately investigate whether that liability exists, and if so, to what extent." *Mollison*, 481 F.3d at 123. The Second Circuit reasoned as follows:

> [Section] 932(c)(4) excuses the U.S. tax liability of a Virgin Islands resident in a certain circumstance: when he has "report[ed] income from all sources" in his Virgin Islands tax return and "fully [paid] his tax liability." Conversely, when these conditions have not been met-that is, when a Virgin Islands resident has not fully reported his income on his Virgin Islands tax return and fully paid his taxes-then he is not excused from U.S. tax liability. In order to determine whether any such residual liability exists, the IRS must investigate the accuracy of the Virgin Islands tax return. Toward that end, Congress has explicitly authorized the IRS to enforce the Code "in any possession of the United States in the same manner and to the same extent as if such possession were a State." 26 U.S.C. § 7651(1).

*Id. See also Elmes*, 2008 WL 276039, at *2 ("assuming that [appellant] is a resident of the Virgin Islands, the IRS would still have the authority to investigate his tax liabilities because the IRS is allowed to tax residents of the Virgin Islands to the extent they have not paid their Virgin Islands taxes in full" (citing 26 U.S.C. § 932(c)(4)).

[11] In *McGrogan*, the Tax Court held that despite the fact that the case involved Virgin Islands transactions, "the notice of deficiency upon which this case is based asserts deficiencies in Federal income tax. The determination of whether petitioner qualifies for an exception to his alleged Federal tax obligation is a question which this Court has jurisdiction to answer." (*Id*. at 5.)

requesting party would otherwise have no adequate remedy at law." *Green v. United States*, 434 F.Supp.2d 1116, 1121 (D. Utah 2006) (citing *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962)).[12] First, petitioner argues that the statute of limitations prescribed under IRC § 6501(a) for assessing his taxes has run and thus, the United States cannot prevail in this matter. Second, petitioner, relying on the argument already rejected concerning this Court's exclusive jurisdiction of this matter, contends that the Tax Court cannot exercise jurisdiction.

Assuming arguendo that an exception to the immunity of the government could apply in the instant case, the Court finds that petitioner has failed to establish the applicability of the exception. As discussed above, there is a remedy at law because the Tax Court does have jurisdiction.[13] Moreover, the petitioner has not convinced the Court that the availability of a refund suit is not an adequate alternative remedy. The petitioner has also failed to show that the three year statute of limitations set forth in IRC § 6501(a) stands in the way of respondent's prevailing in this case because the statute contains exceptions that may be triggered here. The exceptions apply where a taxpayer has made a fraudulent return, has attempted to evade tax or has not filed a return. 26 U.S.C. § 6501(c). In this case, respondent alleges that petitioner attempted to evade tax payments to the United States by making false claims on this income tax return to the USVI, and that respondent improperly failed to file a tax return. Thus, the exceptions to the statute of limitations may be triggered under § 6501(c).

---

[12] The Court notes that the *Green* case, which is not binding on this Court, dealt strictly with the Declaratory Judgment Act. Petitioner contends that because DJA and the TAIA share a similar purpose, they should be construed in pari material. The Court need not reach the issue of whether these statutes should be so read because it finds that the judicially constructed "exception" cited by petitioner is inapplicable to his case.

[13] There is no basis for holding that there is no legal remedy simply because the Tax Court may not have jurisdiction over the BIR. (Pet. Opp. at 27.) That is simply irrelevant here because this matter involves a claim brought by the IRS, not the BIR. Any litigation involving the BIR can be brought in this Court; thus, petitioner is not deprived of a legal remedy.

In sum, because the Court concludes that the petitioner may seek relief in the Tax Court for redetermination of his tax deficiency, or seek a refund suit in a federal district court, the petitioner has not shown that he lacks a legal remedy.  Additionally, petitioner has not shown that the respondent cannot prevail in this litigation.  Thus, petitioner has presented no basis to find that an exception to the sovereign immunity bar applies to his claim.

### IV.   Conclusion

Based on the assertions made in petitioner's claims, the Court finds that the controversy here involves whether or not the petitioner is deficient in paying his taxes to the United States. Through this petition, the petitioner seeks to have this Court restrain the IRS from collecting such taxes. For the reasons stated above, this Court lacks jurisdiction to do so.  Thus, the respondent's motion to dismiss will be granted.

**ENTER**:

Dated:  July  18, 2011

Nunc pro tunc to April 5, 2011.

_____/s/_____
RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE