## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **EMMIT J. MCHENRY,** | ) | |
| | ) | |
| Petitioner, | ) | **CIV. NO.: 1:10-cv-00021** |
| v. | ) | |
| | ) | |
| **COMMISSIONER OF INTERNAL REVENUE** | ) | |
| **and THE VIRGIN ISLANDS BUREAU OF** | ) | |
| **INTERNAL REVENUE,** | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |
| | ) | |
| **GEORGE C. HUFF,** | ) | |
| | ) | |
| Petitioner, | ) | **CIVIL NO. 1:10-cv-00026** |
| v. | ) | |
| | ) | |
| **COMMISSIONER OF INTERNAL REVENUE** | ) | |
| **and THE VIRGIN ISLANDS BUREAU OF** | ) | |
| **INTERNAL REVENUE,** | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |
| **BARRY P. COOPER AND SANDRA G.** | ) | |
| **COOPER,** | ) | |
| | ) | |
| Petitioners, | ) | **CIVIL NO. 1:10-cv-00040** |
| v. | ) | |
| | ) | |
| **COMMISSIONER OF INTERNAL REVENUE** | ) | |
| **and THE VIRGIN ISLANDS BUREAU OF** | ) | |
| **INTERNAL REVENUE,** | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## **MEMORANDUM OPINION and ORDER**

Finch, Senior Judge

THIS MATTER is before the Court on the motions of petitioners Emmit J. McHenry ("McHenry"), George C. Huff ("Huff"), and Barry and Sandra Cooper ("Coopers") (collectively "petitioners") for a certificate of appealability pursuant to 28 U.S.C. § 1292 (b).  In each case, the petitioners seek to appeal the orders of this Court denying their motions to interplead the Internal Revenue Service ("IRS") in their tax suit against the Virgin Islands Bureau of Internal Revenue ("BIR").  Rule 42 of the Federal Rules of Civil Procedure permits the court to consolidate actions if they "involve a common question of law or fact."  In this case, the petitioners all seek to appeal the same issue, *i.e*., the Court's denial of the interpleading of the IRS in a suit against the BIR.  Because the motions involve "a common question of law" the Court will consolidate these cases for purposes of deciding whether to grant a certificate of appealability.

### I.    Background

Petitioner McHenry filed suit against both the IRS and the BIR.  In his suit, McHenry contested the IRS notice of deficiency and sought a refund of taxes paid to the BIR.  The IRS filed a motion to dismiss, arguing that the Court lacked subject matter jurisdiction to determine the petitioner's federal tax liability. The Court agreed and granted the motion.  The Court determined that it was prohibited by the doctrine of sovereign immunity from allowing the suit to go forward and that the United States Tax Court has exclusive jurisdiction over suits challenging a tax deficiency sought by the United States, such as the one brought by McHenry against the IRS, pursuant to The Tax Anti-Injunction Act, 26 U.S.C. § 7421(a) ("TAIA").  (Civ. No. 2010-21, Doc. No. 19, Mem. Op., April 5, 2011.)[1]  The Court also rejected McHenry's contention that the IRS was essentially attempting to collect local Virgin Islands taxes rather than federal taxes,

---

[1] An Amended Memorandum Opinion was published on July 18, 2011;  however, the Court's finding that it lacked subject matter jurisdiction was not disturbed.

or that a judicially-crafted exception to the TAIA existed.² The same arguments made by McHenry were also advanced by Huff and the Cooper's and likewise rejected by the Court. (Civil No. 2010-26, Doc. No. 31; Civil No. 2010-40, Doc. No. 17.)

Petitioner McHenry then sought to interplead the IRS in its suit against the BIR. McHenry argued that the IRS, through its notice of deficiency, seeks to collect unpaid taxes on income that had already been taxed by the BIR. He pointed out that the BIR had determined that he was a USVI resident during the relevant tax years and that his income was USVI sourced income or income effectively connected with a USVI trade or business, and that the IRS had come to the opposite conclusion. McHenry sought to interplead the IRS to avoid the prospect of litigating against the taxing agencies separately and being subject to double taxation. McHenry also relied on the doctrine of judicial estoppel in support of his motion to interplead, citing the case *V.I. Derivatives, LLC v Director, VIBIR*, Civ. No. 2006-04, 2011 WL 703835 (D.V.I. Feb. 18, 2011). In *V.I. Derivatives*, the IRS successfully intervened in a taxpayer lawsuit against the BIR in order to litigate the issue of whether the plaintiffs were bona fide residents of the Virgin Islands.

The Court denied McHenry's motion to interplead on the same grounds that it dismissed the IRS from the suit in the first place: the Court lacked subject matter jurisdiction to determine petitioner's federal tax liability. The Court held that neither the invocation of interpleader pursuant to Fed. R. Civ. P. 22 or judicial estoppel would suffice to provide the requisite

---

² The Court found that McHenry had not satisfied the two-pronged exception to the TAIA, as set forth in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962) and progeny, that it be clear that "under no circumstances could the United States ultimately prevail" and that the petitioner "would otherwise have no adequate remedy at law." (Mem. Op. at 14-16, April 5, 2011.) The Court found that the statute of limitations were arguably tolled and that an adequate alternative remedy existed inasmuch as McHenry could file suit in the Tax Court or pay the deficiency and then bring a refund suit. The Court reasserted its findings in response to McHenry's motion for reconsideration. (Mem. Op., July 18, 2011.)

3

jurisdiction over the IRS for purposes of reassessing McHenry's alleged tax deficiency. Petitioners Huff and the Cooper's also attempted to interplead the IRS but the Court denied their motions on the same grounds as it denied McHenry's.  McHenry and the other petitioners now ask the Court for a certificate of appealability concerning the issue of whether the Court has the authority to interplead the IRS in a refund suit against the BIR.

## II.     Discussion

Title 28, § 1292(b) of the United States Code provides that

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

A district court may exercise its discretion to grant a § 1292(b) certificate when the following criteria are met: the district court's order (1) involves a "controlling question of law," (2) it offers "substantial ground for difference of opinion" as to its correctness, and (3) if appealed immediately will "materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp*., 496 F.2d 747, 754 (3d Cir. 1974) (citing § 1292(b)).  "The party seeking leave to appeal has the burden to establish all three criteria." *In re Prosser*, 2011 WL 2181619, at *2 (D.V.I. June 3, 2011) (quoting *Patrick v. Dell Fin. Servs*., 366 B.R. 378, 385 (M.D.Pa. 2007)).  Moreover, the decision to grant certification is within the district judge's discretion, even if all three criteria are present. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir.1976).  "Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation." *Delalla v. Hanover Ins*., 2010 WL 186172, at *3 (D.N.J. Jan. 14, 2010)

4

(citations omitted).  The Court finds that petitioners have failed to meet the second prong--that there are substantial grounds for difference of opinion concerning the court's legal findings—and thus does not reach prongs one and three.

Petitioners argue that there are substantial grounds for differences of opinion on the basis that the Court's denial of interpleader is a "matter of first impression."  However, "the mere fact that the appeal would present a question of first impression" does not suffice to create legal doubt. *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983).  While the Court recognizes that a matter of first impression may satisfy this criterion where the matter is "novel" or requires "highly complex" analysis, *In re Frascella Enterprises, Inc*., 2008 WL 4155676, at *3 (E.D. Pa. Sept. 10, 2008) (citations omitted), the issues here are not so novel or complex that they provide a substantial basis for disagreement.

The Court's denial of petitioners' motion for interpleader rested on the Court's legal finding that it lacked subject matter jurisdiction to determine petitioner's federal tax liability, and that judicial estoppel could not provide it.  The Court rejected petitioners' arguments that 48 U.S.C. § 1612(a) provided exclusive jurisdiction over tax matters in the Virgin Islands and that the statute operated as a waiver of the TAIA or that the circumstances of petitioners' claims trigged the judicially crafted exception to the TAIA.

The TAIA generally bars suits to "restrain[] the assessment or collection of any tax" against the federal government.  26 U.S.C. § 7421.  With respect to the argument concerning § 1612(a), the Court finds that there is no substantial ground for opining that the statute constitutes a waiver of the TAIA.  Section 1612(a) provides in pertinent part that "[t]he District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the

5

Virgin Islands with respect to the income tax laws applicable to the Virgin Islands." 48 U.S.C. § 1612(a). This Court has twice determined that the word "exclusive" merely "establishes this Court's exclusive jurisdiction over income tax laws applicable to the territory, as among the courts of record in the Virgin Islands." *See McHenry v. C.I.R.*, 2011 WL 1304446, at *5 (D.V.I. April 5, 2011) (quoting *Birdman v. Office of the Governor*, 2010 WL 3810871, at *7 (D.V.I.. Sept.27, 2010)). The Court in McHenry further rejected reliance on § 1612(a) as a jurisdictional grant because the language of the statute does not expressly and unambiguously waive the sovereign immunity of the United States. *Id*. at *6. The Court finds that the analysis of § 1612(a) was partially novel, but it was not "highly complex" and that this legal finding does not generate sufficient doubt to warrant certification.

With respect to the issue of whether a judicially crafted exception to the TAIA applies, the Court has stated that the application of this exception hinges upon whether the taxpayer can show that, looking at the facts and the law in the light most favorable to the government, the United States cannot prevail on its claim and that absent suit in the district court, there would be no adequate remedy at law. *Id*. at *7; *see also McHenry v. C.I.R.*, 2011 WL 2912553, at *2 (D.V.I. July 18, 2011). The Court remains convinced that the IRS could arguably prevail on its claim; in other words, the IRS has mounted a rational argument in contravention of the statute of limitations defense cited by petitioners. Moreover, courts have found that in cases where a taxpayer has the option of filing a refund suit or seeking a redetermination of taxes in the Tax Court, there is an adequate alternative remedy. *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 762 (1974); *Sokolow v. United States*, 169 F.3d 663, 665 (9th Cir. 1999); *Beale v. I.R.S.*, 2007 WL 4287590, at *1 (3d Cir. Dec. 6, 2007); *Donovan v. Maisel*, 559 F. Supp. 171, 174 (D. Del. 1982); *D & M Painting Corp. v. United States*, 2009 WL 904691, at *4 (W.D. Pa. Mar. 21,

2009); *Young v. I.R.S.*, 1986 WL 15377, at *1 (M.D. Pa. Oct. 30, 1986).  In contrast, the Court has not uncovered any case supporting the proposition that, in circumstances where the IRS may arguably prevail on its claims of a tax deficiency, the availability of a refund suit is not an adequate alternative remedy.[3]

In addition to the finding that there is no legal ground for doubting that this Court has subject matter jurisdiction to determine the federal tax liability of petitioners at this juncture, the Court also finds that there is no basis for opining that such jurisdiction could be provided through the doctrine of estoppel.  *See Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1228 (10th Cir. 2011);  *Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000) ( "'principles of estoppel do not apply' to questions of subject matter jurisdiction" (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

### III.  Conclusion

For the foregoing reasons, the Court concludes that petitioners have failed to identify a substantial ground for disagreeing with the Court's ruling that it lacks subject matter jurisdiction to interplead the IRS in this matter.  Accordingly, the petitioners' motions for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED.

**ENTER**:

Dated: August 31, 2011            _____/s/_____

RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE

---

[3] In the the Fourth Circuit case cited by petitioners for the proposition that a refund suit is not an adequate legal remedy, *Estate of Mansy Y. Michael v Lullo*, 173 F.3d 503 (4th Cir. 1999), the Court of Appeals held that the IRS could not prevail because the statute of limitations precluded a re-calculation of the Estate's taxes. Here, the Court finds no ground for holding that the IRS cannot prevail; thus, the circumstances in *Lullo* are distinguishable and the case is inapposite.